# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOVITA DEBESINGH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-cv-02316 |
| | § | |
| GEOVERA SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this insurance dispute are Defendant GeoVera Specialty Insurance Company's Verified Plea in Abatement [Doc. # 13] and Defendant GeoVera Specialty Insurance Company's Supplement to Its Verified Plea in Abatement [Doc. # 14] (collectively, the "Abatement Motion" or "Motion"). Plaintiff Jovita Debesingh has responded.[1] Defendant has not replied, and its time to do so has expired.[2] The Motion is now ripe for decision. Having reviewed the record and pertinent legal authorities, the Court **grants in part** Defendant's Motion and **abates** this lawsuit.

---

[1] Plaintiff's Response to Defendant's Verified Plea in Abatement [Doc. # 15] ("Response").

[2] *See* Hon. Nancy F. Atlas Court Procedures and Forms, R. 7.4.

## I. BACKGROUND

Plaintiff Jovita Debesingh purchased a homeowners insurance policy (the "Policy") from Defendant GeoVera Specialty Insurance Company ("GeoVera") to cover certain risks to her residence in La Porte, Texas.[3] The Policy, in its "CONDITIONS" section, contains an appraisal provision, which states among other things, that:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written demand from the other and notify the other of the appraiser's name and contact information. If the appraisers cannot agree on the amount of loss or the actual cash value in accord with this Condition, the two appraisers will choose a competent and impartial umpire. If the appraisers cannot agree upon an umpire within 15 days, you and we shall jointly ask a judge of a court of record in the judicial district where the "residence premises" is located to choose an umpire. Neither you nor we may assign the right to demand appraisal to anyone.
>
> The appraisers will separately set the amount of loss and provide a written appraisal report . . . .[4]

Significant to the Abatement Motion, the appraisal provision states that:

> If there is an appraisal:
>
> a. You and we agree that any suit for or involving a disagreement in the amount of loss claimed under this policy shall be abated on the

---

[3] GeoVera Specialty Insurance Company Residential Coverage Amended Declarations [Doc. # 13-3]; Homeowners 3 – Special Form [Doc. # 13-3], at 1 (ECF 5).

[4] Master Endorsement [Doc. # 13-3], at 6 (ECF 48).

2

demand for appraisal by either you or us until after an appraisal award is issued in accord with this Condition; . . . .[5]

On April 27, 2018, Plaintiff Debesingh sued Defendant GeoVera in Texas state court.[6] In her state court petition, Plaintiff alleged that Defendant had underpaid an insurance claim she made for damage to her residence from Hurricane Harvey.[7] Plaintiff added that Defendant's insurance adjuster performed a substandard investigation, failed to report all the damage he observed, and undervalued the damage he did report,[8] resulting in an unreasonable investigation and underpayment of her claim.[9] Based on these allegations, Plaintiff alleged breach of the insurance policy and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA").[10]

On July 6, 2018, Defendant timely removed this case to federal court based on diversity jurisdiction.[11] On August 9, 2018, Defendant sent Plaintiff a demand

---

[5] *Id.* at 7 (ECF 49).

[6] Plaintiff's Original Petition [Doc. # 1-5].

[7] *Id.* ¶¶ 8-9.

[8] *Id.* ¶ 10.

[9] *Id.* ¶ 11.

[10] *Id.* ¶¶ 13-23.

[11] Defendant GeoVera Specialty Insurance Company's Notice of Removal [Doc. # 1]. Removal, Defendant alleged, was timely because Plaintiff had not served Defendant until June 20, 2018. *Id.* ¶ 2.

for appraisal in writing.[12] On August 13, 2018, Defendant filed its Abatement Motion [Docs. # 13, # 14]. Defendant seeks abatement based on the Policy's appraisal provision and on several other grounds.[13]

## II. **LEGAL STANDARD**

The Court sits in diversity and will apply Texas's substantive law. *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). "Texas courts interpret insurance policies according to the rules of contractual construction." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "Texas courts give contractual terms 'their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense.'" *Id.* (quoting *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)). "Unambiguous contracts are enforced as written." *Id.*

In Texas, appraisal "clauses are generally enforceable, absent illegality or waiver." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011). A "full and timely payment of an appraisal award generally precludes both

---

[12] Appraisal Demand [Doc. # 14-2].

[13] Defendant also seeks abatement until 60 days after Plaintiff provides notice that she is compliant with various Texas Insurance Code provisions and abatement until Plaintiff provides Defendant with a signed and sworn proof of loss providing complete relevant information. The Court denied abatement based on the Texas Insurance Code requirements and held the other issue under advisement. *See* Order dated August 27, 2018 [Doc. # 16]. The Court does not reach the sworn proof of loss issue at this time.

breach of contract and extra-contractual claims." *See Losciale v. State Farm Lloyds*, No. CV 4-17-0016, 2017 WL 3008642, at *3 (S.D. Tex. July 14, 2017) (Atlas, J.).

III. **DISCUSSION**

The Court concludes, based on the plain language of the appraisal provision, that the case should be abated pending completion of the appraisal process described in the Policy. As noted, the provision allows either party to "demand an appraisal" after the parties "fail to agree to an amount of loss."[14] Upon that demand, "any suit for or involving a disagreement in the amount of loss claimed under this policy shall be abated."[15] These conditions have been satisfied. Defendant GeoVera demanded appraisal following Plaintiff Debesingh's filing of suit.[16] Plaintiff's lawsuit plainly "involv[es] a disagreement in the amount of loss," as alleged in her breach of contract claim based on undervaluation of the damage to her residence.[17]

---

[14]　Master Endorsement [Doc. # 13-3], at 6 (ECF 48).

[15]　*Id.* at 7 (ECF 49).

[16]　*See* Appraisal Demand [Doc. # 14-2].

[17]　Plaintiff's Original Petition [Doc. # 1-5], ¶¶ 8-11.

5

Plaintiff does not contest that the two conditions for appraisal, a "fail[ure] to agree on the amount of loss" and a "demand," are satisfied.[18] Nor does Plaintiff contest that abatement of the entire lawsuit is mandated by the plain language of the Policy.[19] Instead, Plaintiff contends that the Court retains discretion to abate a lawsuit after ordering an appraisal, or while appraisal is ongoing, and urges the Court to exercise that discretion. Plaintiff cites several cases indicating that.[20]

The key question for courts when exercising this discretion is whether abatement will aid judicial efficiency and economy. *See, e.g.*, *Butler v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-3613, 2011 WL 2174965, at *2 (S.D. Tex. June 3, 2011) (Werlein, J.). According to Plaintiff, allowing the whole

---

[18] Master Endorsement [Doc. # 13-3], at 6 (ECF 48).

[19] *Id.* at 7 (ECF 49).

[20] *See Universal Underwriters*, 345 S.W.3d at 413 n.5 (Tex. 2011) (noting that judicial "proceedings need not be abated while the appraisal goes forward"); *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) ("While the trial court has no discretion to deny the appraisal," which the parties had contracted for, "the court does have some discretion as to the timing of the appraisal."); *Leedy v. State Farm Lloyds*, No. 1:15-CV-123-P-BL, 2016 WL 519135, at *2 (N.D. Tex. Jan. 14, 2016) (Frost, M.J.), *report and recommendation adopted sub nom. Leedy v. Lloyds*, No. 1:15-CV-0123-P-BL, 2016 WL 495605 (N.D. Tex. Feb. 9, 2016) (Solis, J.) (noting that courts have discretion to order abatement while appraisal goes forward); *Gomez v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:15-CV-67, 2016 WL 6816217, at *2 (S.D. Tex. Jan. 28, 2016) (Quiroga, M.J.) (declining to abate based on judicial economy concerns); *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2013 WL 12124308, at *5 (N.D. Tex. Mar. 26, 2013) (Boyle, J.) (exercising its discretion to decline to abate proceedings after ordering appraisal); *Sieb v. Cent. Mut. Ins. Co.*, No. 3:14-CV-02965-P, 2015 WL 11120982, at *2 (N.D. Tex. Mar. 23, 2015) (same) (Solis, J.).

lawsuit (and discovery) to go forward while the appraisal process unfolds will aid the speedy resolution of the parties' dispute. Alternatively, Plaintiff argues that her non-contractual claims brought under the Texas Insurance Code and the DTPA should not be abated. In Plaintiff's view, these claims are independent from her breach of contract claim and thus will not be affected by the outcome of appraisal.

The cases Plaintiff cites to demonstrate that the Court retains discretion are not dispositive. The question in those cases was the propriety of abatement during a court-ordered or voluntary appraisal when there was no mandatory abatement provision in the insurance policy. In the case at bar, the parties' *contract*, not just judicial economy, compels this Court to abate Plaintiff's whole lawsuit. *Cf. Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *2 (E.D. Tex. Oct. 30, 2015) (Mazzant, J.) (noting that an insurer may be "entitl[ed]" to abatement pending appraisal based on contractual language); *Butler*, 2011 WL 2174965, at *2 (same). This Court enforces the unambiguous Policy "as written." *See RSR Corp.*, 612 F.3d at 858. Accordingly, the Court abates the lawsuit "until after an appraisal award is issued in accord with" the Policy.[21]

Even if the Policy lacked this abatement requirement, the Court would conclude that judicial economy is best served by abatement of this suit. Indeed, "the majority of Texas courts have held that when a plaintiff asserts extra-

---

[21] *See* Master Endorsement [Doc. # 13-3], at 7 (ECF 49).

contractual claims in addition to a claim for breach of contract, it is in the best interest of justice that the entire case be abated pending appraisal." *See Johnson*, 2015 WL 11170153, at *3. This is because, as this Court has noted, an insurer's full payment of an appraisal award will generally dispose of all contractual and extra-contractual claims. *See Losciale*, 2017 WL 3008642, at *3.[22] Even if an appraisal does not wholly obviate the need for litigation, "then in due season what remains to be litigated can proceed with efficient focus by the parties upon the specific issues remaining." *See Butler*, 2011 WL 2174965, at *2 n.10.

IV. **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion [Docs. # 13, # 14] is **GRANTED in part** regarding Defendant's argument that it is entitled to abatement under the Policy's appraisal provision and the lawsuit is **ABATED, STAYED and ADMINISTRATIVELY CLOSED** until after an appraisal award is issued in accord with the parties' insurance Policy. In all other respects, Defendant's Motion is **DENIED without prejudice to reurging, if necessary**. It is further

---

[22] The Texas Supreme Court's decision in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), "does not purport to alter the long-standing case law regarding the effect of full and timely payment of an appraisal award." *Losciale*, 2017 WL 3008642, at *3. While *Losciale* considered a now-withdrawn version of the *Menchaca* opinion, *see id.*, the Texas Supreme Court's reissued opinion made clear that it was "unanimously reaffirm[ing] the legal principles and rules announced in that [prior] opinion," *see Menchaca*, 545 S.W.3d at 484.

8

**ORDERED** that the parties jointly **MUST NOTIFY** the Court of the outcome of appraisal within **fourteen (14) days of the completion of appraisal**.

SIGNED at Houston, Texas, this  4th  day of **October, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE